**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KEITH M. KRUPKA and JOSEPH J. LEE, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STIFEL NICOLAUS & COMPANY INCORPORATED, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. ___4:23-cv-49___

**JURY TRIAL DEMANDED**

## DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Stifel Nicolaus & Company Incorporated ("Defendant" or "Stifel"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441, 1446, and the Class Action Fairness Act of 2005 ("CAFA"), as codified in 28 U.S.C. §§ 1332(d) and 1453, and with full reservation of all defenses, hereby remove the above-styled action from the Circuit Court of St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division.  In support of removal, Defendant states as follows:

## INTRODUCTION

1.     On November 17, 2022, Plaintiffs Keith M. Krupka and Joseph J. Lee ("Plaintiffs"), individually and purportedly on behalf of others similarly situated, filed a "Class Action Complaint" (the "Complaint") against Defendant. All process, pleadings, and papers filed in state court are attached hereto collectively as Exhibit 1. [1]

---

[1] Stifel denies that Plaintiffs have stated any cognizable claims.  All statements within this Notice of Removal are based only on the allegations in Plaintiffs' pleading and for removal purposes, and should not be construed as in any way conceding that Plaintiffs have stated any

2.     In their Complaint, Plaintiffs have purported to assert the following state law claims:  Negligence (Count 1) and Negligent Misrepresentation (Count 2).  (*See* Exhibit 1, Complaint, at ¶¶ 85-104.)

3.     Exclusive of interest and costs, Plaintiffs request compensatory, restitution, general damages and attorneys' fees on behalf of themselves and the putative class members. (*See id.* at p. 22).

4.     On December 19, 2022, Plaintiffs served Stifel with the Complaint and Summons directed to it, which was accepted by Stifel's duly authorized agent on that date.  (*See* Return of Summons filed by Plaintiffs, attached hereto as part of Exhibit 1).

5.     This Notice of Removal is, therefore, timely filed by Defendant within thirty (30) days after receipt of the Plaintiffs' initial pleading in compliance with 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipes Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

6.     Defendant now removes the state-court action to this Court. The jurisdictional requirements under CAFA are satisfied: (i) this is a class action composed of, according to Plaintiffs, a putative class of "numerous individuals and companies scattered around the country" involving bondholders who purchased $160,000,000 in bonds; (ii) at least two of the putative class members, named Plaintiffs Krupka and Lee, are citizens of a State different than Stifel, the named Defendant; and (iii) the amount in controversy, exclusive of interest and costs, exceeds $5,000,000.

---

claims and should further not be construed as an admission to any of the facts alleged by Plaintiffs in their Complaint.

## BACKGROUND

7.     The Complaint alleges that "Stifel was involved in the sale of over $160,000,000 in bonds" relating to five different projects relating to the acquisition and rehabilitation of multi-family residential rental properties in the Chicago, Illinois area, which subsequently went into default.  (Complaint, Ex. 1, ¶¶ 1, 9).

8.     The five (5) Projects were each financed through separate bond issuances between July 21, 2016 and May 24, 2018.  (Complaint, Ex. 1, ¶ 9).

9.     The five separate projects/bond issuances were as follows:

i.     Shoreline Project:  $13,560,000 par value bonds issued on or about July 21, 2016;

ii.     Icarus Project:  $51,805,000 par value bonds issued on or about May 7, 2017;

iii.     Windy City Project:  $59,980,000 par value bonds issued on or about November 16, 2017;

iv.     Ernst Project:  $19,040,000 par value bonds issued on or about February 23, 2018; and

v.     Blue Station Project:  $25,025,000 par value bonds issued on or about May 24, 2018.

(Complaint, Ex. 1, ¶ 9).

10.     The bonds were all issued by the Illinois Finance Authority, a state government entity.   (Complaint, Ex. 1, ¶ 8).

11.     The borrowers for each of the Projects were separate subsidiaries or affiliates of the Better Housing Foundation (BHF).  (*See* Complaint, Ex. 1, ¶ 10).

12.     Stifel was the underwriter for each of the bond issuances.    (Complaint, Ex. 1, ¶ 10).   As the underwriter, Stifel purchased the bonds from the issuer and then sold the bonds on the respective issuance dates, set forth above.  (*See id.* at ¶¶ 9-10).

13.     Each of the bond issuances had its own Official Statement, which were allegedly used by Stifel to market the bonds.  (*See* Complaint, Ex. 1, ¶ 14).

14.     Plaintiffs allegedly purchased certain bonds at issue in the secondary market long after the bonds were initially issued and underwritten (i.e., Plaintiffs do not allege that they purchased any of the bonds at issue from the underwriter, Stifel, as part of the original issuances). (*See* Complaint, Ex. 1, ¶ 15).

15.     Plaintiff Krupka allegedly purchased Windy City bonds with a par value of $750,000 between September and November 2018 (approximately one year after the November 16, 2017 issuance date for those Windy City bonds).  (*See* Complaint, Ex. 1, ¶¶ 9, 15).

16.     Plaintiff Lee allegedly purchased Shoreline bonds with a par value of $635,000 between August and September 2018 (more than two years after the July 21, 2016 issuance date for those Shoreline bonds).  (*See* Complaint, Ex. 1, ¶¶ 9, 15).

17.     Plaintiff Lee also allegedly purchased Blue Station bonds with a par value of $35,000 in January 2019 (approximately eight (8) months after the May 24, 2018 issuance date for those Blue Station bonds).  (*See* Complaint, Ex. 1, ¶¶ 9, 15).[2]

18.     Plaintiffs allege that in selling the bonds, "Stifel used material misrepresentations and omissions related to several issues without forming a reasonable basis for belief in the accuracy and completeness of key representations in the Official Statements." (Complaint, Ex. 1, ¶¶ 18, 92).

19.     Plaintiffs allege that BHF began receiving ordinance violations relating to "several of the Projects" in late 2017 through March 2018 that Plaintiffs allege made the Official Statements

---

[2] Neither of the Plaintiffs allege that they purchased bonds relating to the Icarus or Ernst projects.

used by Stifel to sell the Bonds inaccurate because those violations were not disclosed. (Complaint, Ex. 1, ¶¶ 16-22).

20.     Plaintiffs also allege that there were certain conflicts of interest and interconnections involving BHF and certain key players that they allege should have been disclosed.  (Complaint, Ex. 1, ¶¶ 54-66).

21.     Finally, Plaintiffs allege that BHF did not have a proper charitable registration that they allege should have been disclosed.  (Complaint, Ex. 1, ¶¶ 67-71).

22.     Plaintiffs allege that Stifel, as the underwriter, had certain responsibilities and duties to investors under prevailing industry practices and legal requirements under federal and state securities laws to perform due diligence in a "professional manner" to investigate and verify the disclosures of issuers and obligated persons.  (Complaint, Ex. 1, ¶¶ 44, 48-50).

23.     Plaintiffs allege that Stifel owed a duty to the "investing public" to disclose facts relating to the Project that would be material "so long as the Official statement was used to sale the Bonds."  (Complaint, Ex. 1, ¶ 88).

24.     Plaintiffs allege that Stifel failed to exercise due and reasonable care in its underwriting of the various bond issuances, which allegedly caused them damages. (Complaint, Ex. 1, ¶¶ 99-102).

25.     Plaintiffs allege the bondholders in the various projects that they seek to represent "lost over $125 million" after the bonds went into default.  (Complaint, Ex. 1, ¶ 1).

26.     Plaintiffs seek to certify a class consisting of "[a]ll persons or entities who or which purchased Better Housing Foundation Bonds issued by the Illinois Finance Authority with respect to the Shoreline, Icarus, Windy City, Erns, and Blue Station Projects." (Complaint, Ex. 1, ¶ 72).

27.     In the alternative, Plaintiff Krupka seeks to represent all those who purchased Windy City bonds and Plaintiff Lee seeks to represent those who purchased Shoreline and Blue Station bonds.  (Complaint, Ex. 1, ¶ 72).

28.     Plaintiffs allege that the proposed class "consists of *numerous individuals and companies scattered around the country* and therefore, the Class is so numerous that joinder is impracticable."  (Complaint, Ex. 1, ¶ 74) (emphasis added).

## REMOVAL IS PROPER

**I.     This Court has Subject-Matter Jurisdiction over this Action Pursuant to 28 U.S.C. § 1332(d)(2) Because This is a Class Action Composed of More than 100 Putative Class Members in Which There is Minimal Diversity Between Members of the Plaintiff Class and Defendant, and the Matter in Controversy Exceeds $5,000,000.**

29.     Defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" *See* 28 U.S.C. § 1441(a).

30.     Under CAFA, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" *See* 28 U.S.C. § 1332(d)(2)(A). In addition, there must be 100 or more members in the proposed plaintiff classes. *See* 28 U.S.C. § 1132(d)(5)(B); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 552 (2014) ("CAFA gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million."); *Raskas v. Johnson & Johnson*, 719 F.3d 884, 886 (8th Cir. 2013) (same).

31.     A notice of removal need only provide "a short and plain statement of the grounds for removal". 28 U.S.C. § 1446(a). The rule governing the content of a notice of removal, 28

U.S.C. § 1446, "[t]racks the general pleading requirements stated in [Fed. R. Civ. P.] 8(a)," and submissions of proof is only necessary if the allegations in the notice of removal are contested. *Dart Cherokee Basin*, 135 S. Ct. at 553-54; *see also Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 965 (8th Cir. 2016) (same). The requirements for removal are satisfied here.

        **A.**  **This is a class action composed of more than 100 alleged class members.**

32.    Under CAFA, the term "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1132(d)(1)(B).

33.    This is a "class action" within the meaning of CAFA because Plaintiffs filed their Class Action Complaint pursuant to Mo. Sup. Ct. R. 52.08, a rule similar to Fed. R. Civ. P. 23, on behalf of themselves and a putative class as defined in the Complaint. (*See* Complaint, Ex. 1, at ¶¶ 72-84); *compare* Mo. Sup. Ct. R. 52.08, *with* Fed. R. Civ. P. 23.

34.    The 100-class-member requirement is likewise satisfied here.

35.    The face of the pleading shows that the 100-class-member requirement is satisfied in that Plaintiffs seek to represent bondholders consisting of "*numerous individuals and companies scattered around the country*" who purchased "over $160,000,000 in bonds" across five (5) different bond issuances over many years (*see* Complaint, Ex. 1, at ¶¶ 1, 9, 72-74) (emphasis added).

36.    Notably, Plaintiffs do not allege that they purchased their respective bonds from Stifel as part of the original issuances, and Plaintiffs are not limiting their proposed class to only those persons or entities who purchased the bonds at issue from Stifel as part of the original issuances.  (*See* Complaint, Ex. 1, ¶ 15).   Rather, Plaintiffs are seeking to certify a class consisting

of the entire investing public who purchased bonds relating to any one of the five (5) different projects at any time, including through the secondary market.  (*See* Complaint, Ex. 1, at ¶¶ 72-84).

37.     While Stifel does not know the identity of all of the various persons and entities who purchased the various bonds in the secondary market, there were well over 100 persons and entities who purchased the various bonds at issue directly from Stifel as part of the original issuances of those bonds amongst the five (5) projects.  For this reason alone, the 100-class-member requirement is satisfied, which does not even include the additional persons or entities who purchased bonds in the secondary market who would also would be part of the proposed class under the Plaintiffs' definition.

**B.   There is minimal diversity between members of the plaintiff class and Defendants.**

38.     Defendant Stifel is a citizen of Missouri because it is organized under the laws of Missouri and has its principal place of business in St. Louis, Missouri. (*See* Complaint, Ex. 1, at ¶ 4); *see also* 28 U.S.C. § 1332(c)(1).

39.     Plaintiff Krupka and Plaintiff Lee are both citizens and residents of California, as of the date the lawsuit was filed.  (*See* Complaint, Ex. 1, at ¶¶ 2-3).

40.     Accordingly, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A) because Plaintiffs Krupka and Lee, members of the plaintiff class, are citizens of California, a State that is different from Missouri, the State of which Stifel, the named Defendant, is a citizen. *See* 28 U.S.C. § 1332(d)(2)(A); *see also* 28 U.S.C. § 1332(d)(1)(D) ("The term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action."); *Baker v. NNW, LLC*, Case No. 15-0022-CV-W-GAF, 2015 WL 12843831, at *1 n.1 (W.D. Mo. June 1, 2015) ("Minimal diversity requires only that any member of the class of plaintiffs is a citizen of a different state from any defendant.").

**C.   The matter in controversy exceeds $5,000,000.**

41.    The claims of the individual class members, when aggregated, result in an amount in controversy that exceeds $5,000,000, excluding interest and costs. *See* 28 U.S.C. § 1332(d)(6). In assessing this requirement, "the question 'is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are.'" *Raskas*, 719 F.3d at 887 (emphasis original).

42.    Specifically, Plaintiffs allege that the bonds at issue amongst the five (5) different issuances in which Stifel was involved amounted to sales of "over $160,000,000 in bonds." (Complaint, Ex. 1, at ¶ 1).

43.    Further, Plaintiffs allege that the all of the bonds went into default and that the bondholders in which they seek to represent as a class "lost well over $125 million." (Complaint, Ex. 1, at ¶ 1).

44.    Plaintiffs also allege that "Stifel's conduct and actions/omissions caused or contributed to cause the pecuniary damages/loss that Plaintiffs and Class Members [allegedly] sustained…." (Complaint, Ex. 1, at ¶ 104).

45.    Exclusive of interest and costs, Plaintiffs are seeking compensatory, restitution, and general damages on behalf of themselves and the putative class members. (*See* Complaint, Ex. 1, at p. 22).

46.    Thus, the face of the pleading establishes that Plaintiffs are seeking upwards of $125 million against Stifel on behalf of the putative class.

47.    While Defendant denies that Plaintiffs and the putative class members are entitled to any relief whatsoever, and deny that Plaintiffs' putative class should be certified, the requisite amount in controversy under CAFA is satisfied. *See Raskas*, 719 F.3d at 887 (in determining

whether the amount in controversy is satisfied, the question is whether "a fact finder *might* legally conclude that they are.") (emphasis original).[3]

## II.     Defendants Have Satisfied the Procedural Requirements for Removal under 28 U.S.C. § 1446.

48.     Venue is proper in this Court because Plaintiffs originally filed this action in the Circuit Court for St. Louis County, Missouri, and the United States District Court for the Eastern District of Missouri, Eastern Division is the "district court of the United States for the district and division within which [the state-court action] is pending[.]" *See* 28 U.S.C. § 1446(a).

49.     Defendant attaches hereto as Exhibit 1, a copy of all process, pleadings, orders, and other papers or exhibits of every kind, including depositions, that, as of the date this Notice of Removal is filed, have been filed in the state court. *See* 28 U.S.C. § 1446(a).

50.     Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty days from December 19, 2022, the date on which the removing Defendant accepted service of process of the Summons and Complaint in the state-court action.  (*See* Ex. 1, at Return of Summons.)

51.     Defendant, after filing the instant Notice of Removal in this Court, will promptly file proof of filing this Notice of Removal with the clerk of the Circuit Court for St. Louis County, Missouri. *See* 28 U.S.C. § 1446(d).

---

[3] CAFA created three limited securities- and corporate governance-related exceptions to jurisdiction and removal, which are found in 28 U.S.C. §§ 1332(d)(9)(A)-(C), 1453(d)(1)-(3), none of which are applicable here.  However, if the bonds at issue were deemed to be "covered securities," then removal would be proper under the Securities Litigation Uniform Standards Act (SLUSA), 15 U.S.C. § 77p.  Therefore, to the extent necessary, in the alternative to removing this case under CAFA, Defendant hereby removes this action under SLUSA in the event the bonds are issue are determined to be "covered securities."  15 U.S.C. § 77p(f)(2)(i)-(ii).

WHEREFORE, Defendant respectfully removes this action from the Circuit Court for St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division, and requests that the Court exercise its subject-matter jurisdiction over this matter and grant such other and further relief to Defendant as is just and proper.

Dated:  January 13, 2023                     Respectfully submitted,

                                             **LEWIS RICE LLC**

                                             By:     _/s/  Winthrop B. Reed, III_
                                                     Winthrop B. Reed, III, MO Bar #42840
                                                     Derick C. Albers, MO Bar #60966
                                                     LEWIS RICE LLC
                                                     600 Washington Ave., Ste. 2500
                                                     St. Louis, MO 63101
                                                     (314) 444-7617 (telephone)
                                                     (314) 612-7617 (facsimile)
                                                     wreed@lewisrice.com
                                                     dalbers@lewisrice.com

                                                     *Attorneys for Defendant Stifel, Nicolaus &*
                                                     *Company, Incorporated*

**CERTIFICATE OF SERVICE**

11

The undersigned certifies that on this 13th day of January, 2023, a true copy hereof was filed electronically via Pacer to be served on counsel of record and also served via electronic mail and U.S. mail, first-class postage prepaid on the following:

Robert A. Horn
Joseph A. Kronawitter
HORN AYLWARD & BANDY, LC
2600 Grand Boulevard, Ste. 1100
Kansas City, MO 64108
rhorn@hab-law.com
jkronawitter@hab-law.com

J. Timothy Francis
FRANCIS LAW, LLC
300 N. Richard Arrington Jr. Blvd.
700 Title Building
Birmingham, Alabama 35203
francis@bham.rr.com

*Attorneys for Plaintiffs*

/s/  Winthrop B. Reed, III