UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH M. KRUPKA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:23-cv-00049-JAR |
| vs. | ) | |
| | ) | |
| STIFEL NICOLAUS & CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' motion to remand the case to state court. For the reasons set forth below, the motion will be denied.

**BACKGROUND**

California Plaintiffs Keith Krupka and Joseph Lee filed this putative class action in Missouri state court alleging that Missouri Defendant Stifel Nicolaus made negligent misrepresentations and was negligent in its underwriting of municipal bonds issued by the Illinois Finance Authority (IFA) to fund low-income housing developments in Chicago. The facts pleaded in Plaintiff's complaint are as follows.

In 2016, IFA embarked on a series of transactions whereby it issued over $160 million in bonds to finance five development projects. IFA hired Defendant Stifel to serve as underwriter. In that capacity, Stifel was responsible for structuring the transactions, conducting due diligence, and preparing the Official Statement (i.e., an offering memorandum akin to a prospectus) for the marketing and sale of the bonds. Stifel would underwrite, issue, and sell the bonds to investors and deliver the proceeds to IFA, which then loaned the money to the Better Housing Foundation (BHF) as the project manager. BHF is an Ohio non-profit formed by real estate developer Mark

1

DeAngelis, who served as a consultant on the projects.  According to the complaint, DeAngelis was a principal or officer of multiple entities involved in the projects, creating conflicts of interest enabling a handful of individuals to net millions in consulting fees.  Plaintiffs also plead that BHF did not fully complete its non-profit registration until August 2017.

Pursuant to a Bond Purchase Agreement (BPA) between Stifel, IFA, and BHF, Stifel retained the right to suspend bond offerings to correct any misrepresentations or omissions in the Official Statement.  The Statement indicated that, in connection with the issuance of bonds to investors, BHF would deliver a certificate representing that no litigation or other proceedings were pending or threatened against it.  In late 2017 and early 2018, BHF received 27 notices of ordinance violations regarding the management and condition of the projects.  According to the complaint, Stifel was aware that BHF was failing to deliver on the projects, fiscally and operationally, but Stifel chose not to amend the Official Statement to reflect this reality.

In late 2018 and early 2019, Plaintiffs purchased bonds with a total par value of $1.42 million.  In April 2019, the bond trustee notified bondholders of BHF's various operational breaches under the loan agreements, citing non-compliance with respect to licensing, permits, zoning and environmental regulations, tax regulations for low-income housing, operation and maintenance of the projects, and other violations.  In January 2020, the trustee notified bondholders of BHF's financial default with respect to various repayment provisions.

In November 2022, Plaintiffs filed this putative class action asserting claims of negligence and negligent representation, pleading that, under applicable laws and prevailing industry practices, Stifel owed a duty to investors to conduct sufficient investigation to ensure the accuracy and completeness of representations contained in the Official Statement with respect to the security of the bonds.  Plaintiffs suggest that Stifel was negligent in conducting due

2

diligence regarding BHF and DeAngelis and either failed to identify red flags or knowingly misrepresented the viability of the development both at the outset and as BHF's problems mounted.

In January 2023, Defendants removed the case to this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  Plaintiffs move to remand the case, arguing that their claims fall under CAFA's jurisdictional exception for actions related to securities.  28 U.S.C. § 1332(d)(9).

## DISCUSSION

### Applicable Law

Congress enacted CAFA in 2005 to expand federal courts' subject matter jurisdiction over "interstate class actions of national importance."  *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013).  CAFA confers original federal jurisdiction when the putative class has over 100 members, the amount in controversy exceeds $5 million, and the parties are minimally diverse in citizenship.[1]  28 U.S.C. § 1332(d)(2), (5)(B).  Exceptionally, however, CAFA does not apply to "any class action that solely involves a claim that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security."  28 U.S.C. § 1332(d)(9)(C).  *See also* 28 U.S.C. § 1453(d) (creating a parallel exception in the removal statute).  CAFA is interpreted to grant broad federal jurisdiction with narrow exceptions. *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) (applying the local controversy exception).  The party seeking remand bears the burden of proving a CAFA

---

[1]      Minimal diversity means that any class member and any defendant are citizens of different states. *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010).

exception, and any doubt is resolved against remand.  *Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263, 265 (8th Cir. 2015) (same).

The Eighth Circuit has not opined on the proper application of CAFA's securities exception.  The Second Circuit was the first to address it in three cases.  In *Estate of Pew v. Cardarelli*, 527 F.3d 25 (2nd Cir. 2008), the plaintiffs invoked a state consumer fraud statute to sue an issuer's corporate officers and accounting firm for failing to disclose, in an offering of debt certificates, that the issuer was insolvent.  The court held that remand was not proper, reasoning that the exception applies "only to suits seeking to enforce the terms of instruments that create and define securities, and to duties imposed on persons who administer securities." *Id.* at 33.  Following *Cardarelli*, a New York district court denied the remand of claims of breach of fiduciary duty and aiding and abetting in connection with misrepresentations in the marketing and promotion of securities, reasoning that the dispute did not involve the actual terms of the securities and the case was of national importance.  *Puglisi v. Citigroup Alternative Investments LLC*, 2009 WL 1515071 (S.D.N.Y. May 29, 2009).

In *Greenwich Fin. Services Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23 (2d Cir. 2010), holders of mortgage-backed securities sued to enforce the payment terms of certificates issued by the trusts in which the mortgages were pooled.  The Second Circuit held that remand was proper, explaining that the exception applies in suits where plaintiffs seek to enforce their rights as *holders* of the securities based on the "deal instruments themselves," as opposed to the rights of *purchasers* based on an extrinsic source of state law.  *Id.* at 29.

In *BlackRock Fin. Mgmt. Inc. v. Segregated Account of Ambac Assur. Corp.*, 673 F.3d 169 (2d Cir. 2012), the trustees of trusts holding mortgage-backed securities filed a declaratory

4

judgment action seeking confirmation of their authority to enter a settlement without violating their duties under the trust agreements and state law.  As in *Greenwich*, the court held that remand was proper because the case concerned the relationship between the trustees and certificate-holders and the trustees' fiduciary duties under state law by virtue of that relationship. *Id.* at 179.

Shortly after *BlackRock*, the Seventh Circuit examined its CAFA jurisdiction *sua sponte* in *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 619 (7th Cir. 2012).  There, the bank's brokerage clients sued for breach of contract over inflated delivery fees on trade confirmation slips.  The court concluded that CAFA's securities exception did not apply because the customer agreement disclosing the fees did not create, define, or relate to any particular security.  *Id.* at 621.

In the Ninth Circuit, holders of bonds issued by a public financing authority sued the indenture trustee in state court for breach of fiduciary duty, negligence, unjust enrichment, and unfair business practices.  *Eminence Investors, L.L.L.P. v. Bank of New York Mellon*, 782 F.3d 504 (9th Cir. 2015).  There, the court concluded that the exception applied because, even though the plaintiffs' causes of action relied on various sources of law that were not part of the indenture or bonds themselves but rather state law, industry standards, and professional codes of ethics, they all related to duties arising from the bonds and indenture.  *Id.* at 507.

In the Fourth Circuit, after an unfavorable merger, shareholders sued their company's board of directors for breach of fiduciary duty and also sued the acquiring company for aiding and abetting the breach.  *Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325 (4th Cir. 2019).  The majority opinion held that the securities exception did not apply to the aiding-and-abetting claims because those claims were not predicated on any duties created by

5

the shares; rather, the acquiring company was a stranger to the fiduciary relationship between the acquired company and its shareholders. *Id*. at 342. The dissent disagreed, reasoning that the aiding-and-abetting claims necessarily depended on the underlying fiduciary duty created by the stock. *Id*. at 348.

Several district courts, including the Western District of Missouri, have followed the dissent's logic and granted remand where various state law claims stemmed from a breach of fiduciary duty. *See Williams v. Wells Fargo Bank, Nat. Ass'n*, 9 F. Supp. 3d 1080 (W.D. Mo. 2014) (involving claims of breach of fiduciary duty, aiding and abetting breach of fiduciary duty, negligence, and breach of contract by the trustee of bond debentures); *Williams v. Texas Commerce Tr. Co. of New York*, 2006 WL 1696681 (W.D. Mo. June 15, 2006) (involving claims against an indenture trustee for breach of fiduciary duty, breach of contract, negligence, equitable restitution, and civil conspiracy); *Fannin v. UMTH Land Dev. L.P.*, 2016 WL 7042078 (D. Del. Dec. 2, 2016) (involving unit-holders' claims of breach of fiduciary duty, aiding and abetting, breach of contract, and unjust enrichment by private equity managers and funds); *Schumel v. Bank Mut. Corp.*, 2017 WL 4564908 (E.D. Wis. Oct. 11, 2017) (on facts similar to *Dominion*, reasoning that the aiding-and-abetting claim against the acquiring company was dependent on the plaintiff shareholders' claims of breach of fiduciary duty by their company's board); and *Rubin v. Mercer Ins. Group, Inc.*, 2011 WL 677466 (D.N.J. Feb. 15, 2011) (same). By contrast, a California district court concluded that the exception did not apply where investors sued private equity defendants for breach of fiduciary duty, aiding and abetting, negligence, and unjust enrichment, alleging inadequate due diligence and misrepresentations in the *sale* of limited partnership units. *Tuttle v. Sky Bell Asset Mgmt., LLC*, 2011 WL 208060 (N.D. Cal. Jan. 21, 2011).

Finally, a case quite similar to this one was removed and litigated to final disposition in the Western District of Missouri, albeit without a direct challenge to the court's CAFA jurisdiction.  In *Cromeans v. Morgan Keegan & Co., Inc.*, 1 F. Supp. 3d 994 (W.D. Mo. 2014), the plaintiff purchasers of municipal bonds sued the underwriter for negligent underwriting, negligent and fraudulent misrepresentation, blue sky violations, and unjust enrichment, alleging material misrepresentations and omissions in the official offering statement stemming from a failure to conduct sufficient due diligence.  The Eighth Circuit affirmed the court's enforcement of the parties' settlement.  *Cromeans v. Morgan Keegan & Co.*, 859 F.3d 558, 560 (8th Cir. 2017).

**Analysis**

Emphasizing the broad language of CAFA's securities exception, Plaintiffs contend that remand is proper because their claims of negligent underwriting "relate to" the IFA bonds. Plaintiffs concede that the Official Statement itself is not a security but suggest that it should be treated in similar fashion because it contains the essential terms that buyers consider in evaluating the investment.  But the foregoing precedent does not support Plaintiff's position.  In cases where remand was granted, the plaintiffs sued in their capacity as *holder*s alleging breach of *fiduciary* duties owed by the defendant trustees or corporate board members and related claims predicated on the breach.[2]  *Eminence*, 782 F.3d at 509-10; *Williams v. Wells Fargo*, 9 F.Supp.3d at 1088; *Williams v. Texas Commerce*, 2006 WL 1696681 at *4-5; *Schumel*, 2017 WL 4564908 at *3-5; *Fannin*, 2016 WL 7042078 at *3-4; *Rubin*, 2011 WL 677466 at *3-4.  By

---

[2]     The Fourth Circuit's decision in *Dominion* is an outlier in this respect.  While the majority held that a claim for aiding and abetting a breach of fiduciary duty was unrelated to the underlying security giving rise to the breach, this Court agrees with the dissenting judge and multiple district courts, including the Western District of Missouri, reasoning that such a state law claim predicated on the fiduciary relationship created by the security is indeed "related to" the security for purposes of the CAFA exception.

7

contrast, in cases where plaintiffs have sued as *purchasers* alleging misrepresentation in the *sale* of securities, courts have denied remand. *Cardarelli*, 527 F.3d at 32; *Tuttle*, 2011 WL 208060 at *6-7; *Puglisi*, 2009 WL 1515071 at *2-3.

Here, Plaintiffs have not sued the trustee and do not plead the existence of a fiduciary relationship on which their claims depend. Rather, they allege injury from Stifel's negligent due diligence and resulting misrepresentations in the offering memorandum provided to potential investors as purchasers. Applying the foregoing caselaw to this set of facts, the Court concludes that remand is not warranted under the CAFA securities exception.

The Court acknowledges Plaintiffs' argument that a straightforward reading of the statute could be construed to encompass their claims, given its broad "related to" language. But while the Eighth Circuit has yet to opine on this issue, the Circuit has instructed in a similar context that courts are to interpret CAFA jurisdiction broadly and exceptions narrowly, with any doubt resolved against remand. *Westerfeld*, 621 F.3d at 822 (examining the local controversy exception, 28 U.S.C. § 1332(d)(4)); *Hood v. Gilster-Mary Lee Corp.*, 785 F.3d at 265 (same). Mindful of this directive and guided by the reasoning of other Circuit and district courts, the Court declines to extend the securities exception to cover claims involving the performance of non-fiduciary functions vis-à-vis potential investors based on an alleged duty of care not grounded in the securities themselves. Rather, this case appears to present the type of "interstate class action of national importance" that Congress intended to place in federal court. *Standard Fire*, 568 U.S. at 595.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand is **DENIED**.  (Doc. 13).

**IT IS FURTHER ORDERED** that Plaintiff shall file a response to Defendant's motion for judgment on the pleadings (Doc. 8) by June 1, 2023.  Any reply shall be filed within 14 days after the response.

Dated this 11th day of May 2023.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE