**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KEITH M. KRUPKA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:23-cv-00049-JAR |
| vs. ) | |
| ) | |
| STIFEL NICOLAUS & CO., INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion to stay the case pending a ruling on their petition for writ of certiorari in the U.S. Supreme Court. The motion will be denied.

**BACKGROUND**

California Plaintiffs Keith Krupka and Joseph Lee filed this putative class action in November 2022 in Missouri state court alleging that Missouri Defendant Stifel Nicolaus made negligent misrepresentations and was negligent in its underwriting of municipal bonds issued by the Illinois Finance Authority to fund low-income housing developments in Chicago. In January 2023, Defendant removed the case to this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d), and filed a motion for judgment on the pleadings on January 17, 2023. (Doc. 8).

Plaintiffs then moved to remand the case, arguing that their claims fall under CAFA's jurisdictional exception for actions related to securities. 28 U.S.C. § 1332(d)(9). Noting that the Eighth Circuit had not opined on the proper application of CAFA's securities exception, this Court followed other circuit and district court precedent and accordingly denied the motion and directed Plaintiffs to respond to Defendant's motion for judgment on the pleadings by June 1, 2023. (Doc. 23). *Krupka v. Stifel Nicolaus & Co., Inc.*, 2023 WL 3376356, at *4 (E.D. Mo. May

11, 2023).  Plaintiffs then filed a petition for permission to appeal in the Eighth Circuit, during which the Court stayed the case pending a ruling by the appellate court.  (Doc. 25).  The Eighth Circuit summarily denied Plaintiffs' petition, after which the Court ordered Plaintiffs to file a response to Defendants motion for judgment on the pleadings by June 26, 2023.  (Docs. 27, 28).  On that date, Plaintiffs filed the present motion to stay the case again pending their petition for writ of *certiorari* in the Supreme Court.  (Doc. 29).

**DISCUSSION**

In support of their motion to stay, Plaintiffs cite *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011), which instructs appellate courts to consider the following factors in deciding whether to stay a district court order pending appeal: (1) the movant's likelihood of success on the merits; (2) the threat of irreparable injury absent a stay; (3) whether a stay would substantially injure the other parties; and (4) the public interest.  *Id*.  Plaintiffs concede that their likelihood of success is an "open question."  They claim irreparable injury from the burden of briefing Defendant's pending motion and submit that Defendant will suffer no injury from a short delay.  They point to no public interest in either direction.

Defendant opposes the stay and, in light of Plaintiffs' repeated delays, urges the Court to grant its motion without further briefing.  *See Covington v. Janssen Pharmaceuticals, Inc.*, 2017 WL 3433611, at *3 (E.D. Mo. Aug. 10, 2017) (denying plaintiffs' motion to stay and granting defendants' motion to dismiss without a responsive brief).  In evaluating a motion to stay, a district court must weigh competing interests and maintain an even balance.  *Id.* The movant must make out a clear case of hardship or inequity. *Id.*  Relevant factors include maintaining control of the docket, conserving judicial resources, and providing for the just determination of cases.  *Id*.

2

The Court agrees with Defendant that further delay is not warranted here. Defendant's motion for judgment on the pleadings, which centrally asserts that Plaintiffs' claims are time-barred, has been pending for six months. Even accepting Plaintiffs' premise that *Brady* applies, in this Court's estimation their likelihood of success in the Supreme Court is tenuous. Further, the Court fails to see any material prejudice they would suffer from filing a responsive brief, particularly considering the resources they have expended seeking interlocutory appeals. In contrast, Defendant is prejudiced by the ongoing pendency of this lawsuit without a threshold ruling on its viability. Additionally, the Court finds that any further delays in this case would undermine the interests of judicial efficiency. The Court will therefore deny Plaintiffs' motion to stay the case while they await a ruling from the Supreme Court.

However, the Court prefers to rule on Defendant's motion for judgment on the pleadings after full briefing and will afford Plaintiffs a final extension to file their response in opposition.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to stay the case is **DENIED**. (Doc. 29).

**IT IS FURTHER ORDERED** that Plaintiffs shall file a response to Defendant's motion for judgment on the pleadings within fourteen days. Any reply shall be filed within ten days of the response.

Dated this 5th day of July 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE