UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH M. KRUPKA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 4:23-cv-00049-JAR |
| vs. | ) |
| | ) |
| STIFEL NICOLAUS & CO., INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Stifel Nicolaus & Company Incorporated's motion for judgment on the pleadings.  For the reasons set forth below, the motion will be granted.

**BACKGROUND**

In this putative class action, California Plaintiffs Keith Krupka and Joseph Lee allege that Stifel negligently underwrote municipal bonds issued by the Illinois Finance Authority (IFA) to finance low-income housing projects in Chicago.  Plaintiffs' allegations are detailed in the Court's May 11, 2023, Order.  (*See* Doc. 23).  As relevant here, IFA hired Stifel to underwrite and sell more than $160 million in bonds from 2016 to 2018.  As underwriter, Stifel was responsible for structuring the transactions, conducting due diligence, and preparing the Official Statement for the marketing and sale of the bonds.  Critically, the Statement asserted that the operator of the projects, the Better Housing Foundation (BHF), would issue a certificate to bondholders representing that no litigation or other proceedings were pending or threatened against it.

Plaintiffs allege that they believed that the representations in the Statement were accurate and comprehensive, therefore they purchased bonds with a total par value of $1.42 million in late 2018 and early 2019.  By that time, BHF had actually received 27 notices of ordinance violations regarding the management and conditions of several of the projects that were not disclosed in the Statement.  Plaintiffs did not discover these violations until April 17, 2019, when the bond trustee notified bondholders that BHF was in default on the projects due to various violations of its loan agreement with IFA.  BHF failed to cure these defaults, and, on January 17, 2020, the trustee issued a Notice of Defaults to bondholders.

On November 17, 2022, Plaintiffs filed this putative class action in state court, alleging two causes of action against Stifel for negligence and negligent misrepresentation.  They claim that Stifel knew or should have known of facts directly contradicting its representations in the Official Statement, as well as other red flags regarding BHF, but failed to alert the investing public.  According to Plaintiffs, "[n]ow the [b]onds are worth far less than they should have been worth, had the facts and representations made to investors been accurate and complete."  (Doc. 1-1 at ¶ 38).  They seek compensatory damages and reasonable attorney's fees.

In January 2023, Stifel timely removed the case to this Court and moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).[1]  It argues that Plaintiffs' claims are barred by Missouri's borrowing statute and California's two-year statute of limitations for professional negligence and negligent misrepresentation claims.

---

[1]    After Stifel filed its motion, Plaintiffs moved to remand the case to state court.  The Court stayed briefing on Stifel's motion pending my ruling on Plaintiffs' motion to remand.  On May 11, 2023, the Court denied Plaintiffs' motion (Doc. 23), and, thereafter, the Eighth Circuit denied Plaintiffs permission to appeal.  (Doc. 26).

2

**LEGAL STANDARD**

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Clemmons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009) (internal citation omitted). The Court accepts as true all facts pleaded by the nonmoving party and grants all reasonable inferences from the pleadings in favor of the nonmoving party. *Id.* Similar to summary judgment, a judgment on the pleadings is appropriate "where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Id.* (quoting *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1092, 1096 (8th Cir. 2008)).

**DISCUSSION**

A federal court exercising diversity jurisdiction applies the law of the forum when ruling on statutes of limitations. *Nettles v. Am. Tel. and Tel. Co.*, 55 F.3d 1358, 1362 (8th Cir. 1995) (citation omitted). In this forum, statutes of limitations are governed by Missouri law. *Id.* However, Missouri has adopted a borrowing statute providing that "[w]henever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state." Mo. Rev. Stat. § 516.190. Thus, if a cause of action is time-barred by the statute of limitations of the state in which it originated, it is barred in Missouri as well.

Stifel argues that Plaintiffs' claims originated in California on April 17, 2019, when Plaintiffs received notice of BHF's defaults and violations of the loan agreement. Because they did not file their complaint until November 2022, Stifel reasons that their claims are barred by California's two-year statute of limitations for professional negligence and negligent misrepresentation claims. *See* Cal. Civ. Proc. Code § 339. Plaintiffs appear to agree that their

3

claims accrued on April 17, 2019.  But they argue that their claims originated either in Missouri or Illinois, the states in which the acts giving rise to their claims purportedly took place, and that they timely filed their complaint under the five-year statutes of limitations of those states.  *See* Mo. Rev. Stat. § 516.120; 735 ILCS 5/13-205.

Stifel's motion for judgment on the pleadings accordingly turns on where and when Plaintiffs' claims originated.  Missouri's borrowing statute provides Stifel a complete defense to Plaintiffs' claims if (1) they originated in California, and (2) they are barred by California's statute of limitations.

1. **Plaintiffs' Claims Originated in California.**

Missouri courts have construed the term "originated," as used in Missouri's borrowing statute, to mean "accrued."  *Thompson by Thompson v. Crawford*, 833 S.W.2d 868, 871 (Mo. 1992).  Section 516.100 provides that a cause of action accrues "when the damage . . . is sustained and is capable of ascertainment[.]"  Mo. Rev. Stat. § 516.100.  Thus, "[a] cause of action accrues when and originates where damages are sustained and capable of ascertainment." *Elmore v. Owens-Illinois, Inc.*, 673 S.W.2d 434, 436 (Mo. 1984).  "[F]or cases involving purely economic injury, as opposed to a physical accident with economic consequences, a cause of action originates where the plaintiff is financially damaged[.]"  *Great Plains Trust Co. v. Union Pac. R. Co.*, 492 F.3d 986, 993 (8th Cir. 2007).

This case involves purely economic injury; the sole damage alleged by Plaintiffs is "the loss of their investment and investment income." (Doc. 1-1 at ¶ 90).  Accordingly, Plaintiffs' claims originated where they were allegedly financially damaged.  Although the complaint is not specific about where Plaintiffs were financially damaged, Plaintiffs do allege that they reside in

4

California.  This allegation is sufficient to show that Plaintiffs were financially damaged in California.

Several courts applying Missouri's borrowing statute have found that plaintiffs are financially damaged where they are located.  See e.g., *Rajala v. Donnelly Meiners Jordan Kline, P.C.*, 193 F.3d 925, 928 (8th Cir. 1999) (plaintiff company's claim of negligent consultation against an accounting firm originated in Kansas because the plaintiff was located in Kansas and therefore "felt the cash flow crunch" there); *Meek v. Kansas City Life Ins. Co.*, No. 19-00472-CV-W-BP, 2022 WL 499049, at *12 n.10 (W.D. Mo. Feb. 7, 2022) ("all putative class members suffered the alleged loss in their home states, because it is there that they 'felt the cash flow crunch' resulting from Defendant allegedly overcharging them[.]"); *Beyond Batten Disease Found. v. Children's Mercy Hosp.*, No. 4:16-CV-00258-FJG, 2016 WL 4098605, at *3 (W.D. Mo. July 28, 2016) ("BBDF is located in . . . and had its main operation and employees in Texas. . . . Therefore, Texas is where BBDF's financial damage will occur."); *Kansas City Star Co. v. Gunn*, 627 S.W.2d 332, 334 (Mo. Ct. App. 1982) (claim originated in Kansas because the plaintiff "sustained all of his damage in Kansas where he lived and conducted his business and where his route and customers were situated.").

This Court has found that plaintiffs are financially damaged where they are located on the basis of allegations that are similar to those in Plaintiffs' complaint.  In *Morley v. Square*, this Court noted that "[a]lthough the complaint is not specific about locations, it does state explicitly that [plaintiff] lives in Missouri and that his company['s] . . . principal place of business in Missouri."  No. 4:10CV2243 SNLJ, 2014 WL 5313853, at *3 (E.D. Mo. Oct. 16, 2014).  After explaining that a cause of action originates where the plaintiff is financially damaged, the Court reasoned "that rule requires the conclusion that these plaintiffs' claims accrued in Missouri."  *Id.*

5

Here, that rule requires the conclusion that Plaintiffs' claims originated in California—where Plaintiffs "felt the cash flow crunch" resulting from their loss of investment income.

Plaintiffs do not dispute that they "felt the cash flow crunch" in California. Instead, they argue that their claims originated where the actions giving rise to their claims took place. This argument is contradicted not only by the plain language in section 516.100 that "a cause of action shall *not* be deemed to accrue when the wrong is done," but also by the law in this circuit that, in cases of purely economic injury, a cause of action originates where the plaintiff is financially damaged.[2] *Great Plains*, 492 F.3d at 993. Plaintiffs identify no other basis for concluding that their claims originated in Missouri or Illinois.[3] Because there is no genuine dispute that Plaintiffs' claims originated in California, their claims are subject to California's statute of limitations. If California law bars Plaintiffs' claims, Missouri's borrowing statute does so as well.

---

[2] Plaintiffs cite two cases in which courts ostensibly found that a cause of action originates where the underlying actions took place. *See Wright v. Campbell*, 277 S.W.3d 771 (Mo. Ct. App. 2009); *Day v. deVries and Assocs., P.C.*, 98 S.W.3d 92 (Mo. Ct. App. 2003). But in both of those cases, the Court based its conclusions on where the plaintiffs ascertained their damages, not on where the actions took place. Even under this approach, Plaintiffs claims would have originated in California because that is where they received notice of default from the bond trustee.

[3] On January 26, 2024, Plaintiffs filed a sur-reply arguing for the first time that their claims originated not in Missouri or Illinois but in New York or Texas. To support their argument, they cite an Official Statement for one of the bond transactions representing that payments on the bonds were to be made to a Trustee in Texas, then to a depository trust company in New York. And they note language in *Great Plains* stating that, under Missouri law, "a cause of action accrues where payment was to be made." (Doc. 41 at p. 3 (citing *Great Plains*, 492 F.3d at 992)). This argument is unavailing for a number of reasons. (*See* Doc. 42 (explaining the procedural deficiencies in Plaintiffs' sur-reply)). Most importantly, the Eighth Circuit in *Great Plains* clarified that a cause of action accrues where payment was to be made in "failure-to-pay cases," and it cited a number of courts addressing breach of contract claims. *See, e.g., Great Rivers Coop. of Se. Iowa v. Farmland Indus., Inc.*, 934 F. Supp. 302, 305 (S.D. Iowa 1996) (Missouri case law "would suggest that a breach of promise claim originates where the performance should have taken place, but did not."). Here, Plaintiffs do not allege a breach of contract claim, and they do not allege they were injured by Stifel's failure to make a contractually required payment. They instead allege they were injured by Stifel's alleged misrepresentations, and their injury consisted of the reduced value of their investment income. As explained above, Plaintiffs felt the "cash flow crunch" from this loss of investment income in California.

6

## 2. Plaintiffs' Claims are Barred by California's Statute of Limitations.

In California, professional negligence and negligent misrepresentation claims are governed by the two-year statute of limitations set forth in section 339 of the California Code of Civil Procedure. *Hydro-Mill Co. v. Hayward, Tilton & Rolapp Ins. Assocs., Inc.*, 115 Cal. App. 4th 1145, 1154 (2004); *In re Nuveen Funds/City of Alameda Sec. Litig.*, No. C 08-4575 SI, 2011 WL 1842819, at *12 (N.D. Cal. May 16, 2011), *aff'd sub nom. Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal.*, 730 F.3d 1111 (9th Cir. 2013). Such claims accrue when "the plaintiff (1) sustains damage and (2) discovers, or should discover, the negligence." *Copart, Inc. v. Sparta Consulting, Inc.*, 277 F. Supp. 3d 1127, 1163 (E.D. Cal. 2017) (quoting *Roger E. Smith, Inc. v. SHN Consulting Eng'rs & Geologists, Inc.*, 89 Cal. App. 4th 638, 650–51, 107 Cal. Rptr. 2d 424 (2001)). As under Missouri law, it does not matter whether the damages caused by the negligence may have increased over time. "It is the fact of damage, rather than the amount, that is the relevant consideration" when determining when a claim accrues. *Van Dyke v. Dunker Aced*, 46 Cal. App. 4th 446, 452 (1996).

Plaintiffs concede that their claims accrued on April 17, 2019, when the bond trustee notified bondholders of BHF's violations of the loan agreement. (*See* Doc. 32 at p. 4). At that time, Plaintiffs discovered that the market value of their bonds were worth far less than their face value and that Stifel failed to disclose relevant information in its Official Statement. Because Plaintiffs did not file their complaint until November 17, 2022, more than three years later, Plaintiffs' claims are barred by California's statute of limitations. Missouri's borrowing statute therefore provides a complete defense to Plaintiffs' claims.

Accordingly,

7

**IT IS HEREBY ORDERED** that Stifel's motion for judgment on the pleadings (Doc. 8) is **GRANTED**. The case is dismissed as to Plaintiffs Krupka and Lee.

**IT IS FURTHER ORDERED** that Defendant Stifel's Motion for Reconsideration (Doc. 42) is **DENIED** as moot.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 30th day of January 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE